**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **ROBERT H. NEWTON, SR. et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION 06-0434-WS-M** |
| | ) | |
| **AUTO-OWNERS INSURANCE** | ) | |
| **COMPANY, etc.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This matter is before the Court on the motion of plaintiff Robert H. Newton, Jr. to dismiss this action. (Doc. 12). The defendant has filed a response and Newton a reply, (Docs. 17, 19), and the motion is ripe for resolution. After carefully considering the foregoing and other relevant material in the file, the Court concludes that the motion is due to be granted.

What should have been a straightforward dispute over insurance coverage has become, thanks to the parties' maneuverings, unnecessarily complicated. Newton sued George and Georgette Wright in state court for personal injuries. After a period of litigation, the parties obtained a consent judgment in the amount of $5 million, to be collected only from the Wrights' insurer, defendant Auto-Owners Insurance Company ("Auto-Owners"). Auto-Owners learned of the deal and filed a declaratory judgment action in federal court (Civil Action No. 06-0370-WS-M), naming as defendants Newton and the Wrights, plus Guy Wright and Wright Pre-Cast Concrete, Inc. The latter two defendants were later eliminated as a result of an amended complaint that failed to name them.

Meanwhile, in state court Newton filed a motion to amend the complaint to add Auto-Owners as a defendant and to re-align the Wrights as parties plaintiff. Along with

the motion, Newton filed an amended complaint alleging a cause of action against Auto-Owners under the direct action statute and another cause of action for garnishment. Process of garnishment then issued from the state court.  After receiving process, Auto-Owners timely removed the action to federal court.  (Doc. 1).

In federal court, Auto-Owners moved to consolidate the two cases.  (Doc. 4). Ruling was delayed due to Auto-Owner's failure to serve Newton and two other defendants in the declaratory judgment action.  Newton eventually responded that this action should be stayed  pending resolution of the declaratory judgment action.  (Doc. 9). The Wrights pointed out that they have no interest in either lawsuit and requested dismissal, (Doc. 8), and Auto-Owners acknowledged it has no objection to such a dismissal.  (Doc. 11).  Newton then filed a counterclaim in the declaratory judgment action under the direct action statute.  The Court ultimately denied the motion to consolidate, ruling that consolidation would not accomplish any purpose envisioned by Rule 42.  The Court stayed the declaratory judgment pending resolution of this action on the grounds that it is the more inclusive, in that it raises all claims presented in the declaratory judgment action, plus the garnishment claim.  (Doc. 15).

Newton asserts several grounds in support of his motion to dismiss this action, but the Court need consider only whether he may exercise his unilateral right to dismiss under Federal Rule of Civil Procedure 41(a)(2).  Dismissal under that rule, "[u]nless otherwise specified in the order, ... is without prejudice."

Auto-Owners does not contest Newton's right to dismiss but insists that the dismissal be with prejudice.  With respect to the garnishment claim, Auto-Owners reasons that Newton's failure to timely controvert its answer in garnishment or to demand oral examination defeats his right to pursue garnishment, such that Auto-Owners will be prejudiced if Newton is allowed to pursue a second garnishment action.  (Doc. 17 at 8-9).

"In most cases a dismissal [without prejudice] should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent

lawsuit, as a result." *McCants v. Ford Motor Co.*, 781 F.2d 855, 856-57 (11th Cir. 1986)
(emphasis omitted).  Binding precedent, holding that all manner of setbacks to the
defendant do not meet this standard, demonstrates that the range of legally significant
prejudice is quite narrow.  *See Pontenberg v. Boston Scientific Corp*., 252 F.3d 1253, 1258-59
(11th Cir. 2001) (pendency of a motion for summary judgment); *Durham v. Florida East Coast
Railway Co.*, 385 F.2d 366, 367-68 (5th Cir. 1967) (change of theory on the day of trial to one in
which contributory negligence is not a defense).  Of particular interest is *McCants*, which
held that the defendant's loss of the complete defense of the statute of limitations did not
constitute clear legal prejudice.  781 F.2d at 857-59.  Auto-Owners — which fails to
acknowledge *McCants* or any other case interpreting Rule 41(a)(2) — has not explained
how any loss of a defense to a garnishment proceeding can be meaningfully distinguished
from the loss of the complete defense in *McCants*.

    With respect to the direct action claim, Auto-Owners articulates no discernible
basis for dismissal with prejudice, other than its desire to avoid litigation in state court.
(Doc. 17 at 10-11).  However, "the overwhelming majority of cases that have considered
the issue have held that the fact that a voluntary dismissal will destroy federal jurisdiction
is insufficient to constitute prejudice to a defendant."  *Johnson v. Pharmacia & Upjohn Co.*,
192 F.R.D. 226, 228 (W.D. Mich. 1999).  Moreover, dismissal with prejudice would defeat
Newton's pending direct action counterclaim in the declaratory judgment action, and the
Court can fathom no justification for such a punitive result.

    Dismissal under Rule 41(a)(2) is "upon such terms and conditions as the court
deems proper."  Failing dismissal with prejudice, Auto-Owners requests the Court to
condition dismissal without prejudice on Newton's agreement that he will pursue relief
under the direct action or garnishment statutes only within the confines of the declaratory
judgment action.  (Doc. 17 at 11, 13).  Since a desire to avoid litigation in state court
does not constitute the requisite clear legal prejudice sufficient to defeat dismissal without
prejudice, it would be strange indeed to allow the defendant to gain the same result by
imposing a condition that any future suit be brought in federal court.  *See American*

*National Bank & Trust Co. v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991) (for this reason, trial court did not abuse its discretion in not imposing such a condition).

Moreover, Newton has represented to the Court that he intends to pursue his direct action claim in the declaratory judgment action, (Doc. 19 at 11), and the Court relies on this representation. Newton also has represented to the Court that he has no right to a writ of garnishment before: (1) the question of coverage is decided favorably to him; and (2) Auto-Owners then refuses within the statutory period to pay policy proceeds. (*Id*. at 9-10). The Court relies on this representation, which ensures that no garnishment proceedings will be instituted prematurely. Should they be initiated in state court, the parties' diversity presumably will once again allow removal to federal court. For all these reasons, the Court declines to exercise its discretion to impose conditions on the dismissal.

For the reasons set forth above, Newton's motion to dismiss is **granted**. This action is **dismissed without prejudice**.

DONE and ORDERED this 16th day of January, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE